# IN THE COURT OF APPEALS OF IOWA

No. 21-1280
Filed December 15, 2021

**IN THE INTEREST OF A.M. and K.M.,**
**Minor Children,**

**J.M. and S.M.,**
        Intervenors/Appellants.

_____

Appeal from the Iowa District Court for Madison County, Kevin Parker, District Associate Judge.

Following termination of their son's parental rights, the paternal grandparents appeal the district court order that closed the child-in-need-of-assistance proceedings. **AFFIRMED.**

Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines for intervenors/appellants.

Thomas J. Miller, Attorney General and Ellen Ramsey-Kacena, Assistant Attorney General.

Penny Beth Reimer, attorney and guardian ad litem for minor children.

Considered by Mullins, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Following termination of their son's parental rights, the paternal grandparents who intervened in the child-in-need-of-assistance (CINA) proceedings appeal the district court decision closing the CINA case after the minor children were adopted by their maternal grandmother. We find the court properly closed the CINA proceedings. The paternal grandparents were not entitled to notice of the adoption proceedings, and therefore a lack of notice to the paternal grandparents is not a reason to keep the CINA proceedings open. We affirm the decision of the district court.

## I.       Background Facts & Proceedings

The intervenors are the parents of J.M., an adult male. J.M. is the father of A.M., born in 2012, and K.M., born in 2014. In 2019, the father murdered the children's mother in her home. The children were in the home at the time of the murder. The father was incarcerated, and A.M. and K.M., along with the mother's third child, S.M., born in 2016, were placed in the care of the maternal grandmother.[1] All three children have remained with the maternal grandmother since their mother's death. A June 2019 adjudication order formally placed the children in the care of the maternal grandmother under the supervision of the Iowa Department of Human Services (DHS).

On July 15, the paternal grandparents filed an appearance in the CINA proceedings. They moved to intervene and asked to have the children placed in

---

[1] S.M. is not the biological child of J.M.

their care.  The district court granted the motion to intervene.  On August 15, the

maternal grandmother moved to intervene.  This motion was also granted.

In the CINA disposition order the juvenile court found:

> The testimony and evidence proves these children are trauma
> bound.  In just two months the children have experienced
> unimaginable pain: two of the children were sexually abused; all
> three of the children horrifically lost their mother, likely at the hands
> of [the father].  Separating these children under these circumstances
> is NOT in their best interests.

The court determined it would not be in the children's best interests to move them

from the care of the maternal grandmother to the paternal grandparents.  The court

found the children were in familiar surroundings with the maternal grandmother,

who lived next door to their former home.  The court found it would be detrimental

to the children to move to a new home and new school district.[2]  The court was

also concerned because the paternal grandmother accepted telephone calls from

the father while the children were present.

The paternal grandparents filed a motion for a custody evaluation.  The

request was denied by the district court.  On January 20, 2020, a review order

continued the children's placement with the maternal grandmother.  The paternal

grandparents were granted visitation at the discretion of DHS.

The issue of the placement of the children was raised again in a

permanency review hearing in June.  On July 10, the district court ruled the children

should remain with the maternal grandmother under the supervision of DHS.  The

---

[2] It would also be detrimental for A.M. and K.M. to be separated from their sibling S.M.  The paternal grandparents are not biologically related to S.M.

court also stated, "Temporary legal custody of the children shall be with the [DHS] for purposes of adoption."[3]

The father's parental rights were terminated in July. *See In re A.M.*, No. 20-1005, 2020 WL 7021573, at *2 (Iowa Ct. App. Nov. 30, 2020). The termination was affirmed on appeal. *Id.* at *4.

On June 2, 2021, the State filed a motion requesting the closure of the CINA proceedings. The paternal grandparents resisted the State's motion. The paternal grandparents' motion outlined that they had inquired whether an adoption petition was filed and "[i]t came to our attention today that a private adoption has indeed been filed and the final hearing is tomorrow morning." The paternal grandparents asserted they were entitled to notice of the adoption proceedings and had the right to intervene in those proceedings. They pointed out they were relatives of the children and that a home study found they were suitable parties to adopt the children.

On June 3, the district court entered an order closing the CINA proceedings. The court also entered an order stating the adoption was completed and that the paternal grandparents' motion claiming they should have received notice of the adoption proceedings was moot. The paternal grandparents filed a motion under Iowa Rule of Civil Procedure 1.904(2). The district court denied the motion, finding, "It is contrary to the best interests of the children to upset the adoption decree and

---

[3] The paternal grandparents appealed the district court's order. The Iowa Supreme Court determined the matter should be treated as an application for an interlocutory appeal and denied the application. Procedendo issued on September 30, 2020.

permanency review order." The paternal grandparents appeal the district court orders.

## II. Standard of Review

The juvenile court's decisions in CINA proceedings are reviewed de novo. *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017). We are not bound by the factual findings of the juvenile court, but we give weight to those findings. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014)*.* The court's "determinations must be based upon clear and convincing evidence." *Id.* at 41. Our primary consideration is the best interests of the children. *In re D.S.*, 563 N.W.2d 12, 14 (Iowa Ct. App. 1997).

## III. Discussion

The paternal grandparents claim the district court should not have closed the CINA proceedings. The closure of CINA proceedings is governed by Iowa Code section 232.103(4) (2019):

> The court may modify a dispositional order, vacate and substitute a dispositional order, or terminate a dispositional order and release the child if the court finds that any of the following circumstances exist:
> a. The purposes of the order have been accomplished and the child is no longer in need of supervision, care, or treatment.
> b. The purposes of the order cannot reasonably be accomplished.
> c. The efforts made to effect the purposes of the order have been unsuccessful and other options to effect the purposes of the order are not available.
> d. The purposes of the order have been sufficiently accomplished and the continuation of supervision, care, or treatment is unjustified or unwarranted.

CINA proceedings may be closed if the court finds the purposes of the CINA proceedings have been accomplished and the child is no longer in need of the court's supervision. Iowa Code § 232.103(4)(a); *see also In re L.F.*, No. 21-0002,

2021 WL 1400086, at *4 (Iowa Ct. App. Apr. 14, 2021) (finding a CINA action should not be dismissed because "the purposes of the CINA adjudication have not been accomplished and [the child] remains in need of juvenile court supervision").

The paternal grandparents do not dispute whether the children need continuing supervision by the court. They contend the CINA proceedings should not be closed because the parties to the proceedings should be required to give them notice of the adoption proceedings and the paternal grandparents should be given consideration in the determination of which family should adopt the children.

Under section 232.103(4), the failure of the parties in a CINA proceeding to give notice of a different proceeding is not a reason to keep the CINA proceeding open. The arguments raised by the paternal grandparents do not relate to the factors in section 232.103(4). *See In re D.D.*, 955 N.W.2d 186, 195 (Iowa 2021) (noting the purpose of section 232.103(4) is to terminate CINA proceedings when continuation of "supervision, care, or treatment" of children is no longer needed).

Furthermore, the paternal grandparents are not parties entitled to notice of the adoption proceedings under section 600.11(2)(a).[4] *See In re Adoption of K.T.*,

---

[4] The parties who must receive notice of an adoption petition are listed in section 600.11(2)(a):

(1) A guardian, guardian ad litem if appointed for the adoption proceedings, and custodian of, and a person in a parent-child relationship with the person to be adopted. This subparagraph does not require notice to be given to a person whose parental rights have been terminated with regard to the person to be adopted.

(2) The person to be adopted who is an adult.

(3) Any person who is designated to make an investigation and report under section 600.8.

(4) Any other person who is required to consent under section 600.7.

(5) A person who has been granted visitation rights with the child to be adopted pursuant to section 600C.1.

497 N.W.2d 163, 165 (Iowa Ct. App. 1992) (noting grandparents were not entitled to notice under section 600.11(2) and stating, "We are unable to conclude the grandparents were entitled to notice of the adoption petition"); *In re N.S.*, No. 08-1080, 2009 WL 398381, at *3 (Iowa Ct. App. Feb. 19, 2009) ("Those who are not specifically listed in section 600.11(2) are not entitled to notice of the adoption hearing . . . ."); *but see In re T.D.*, No. 09-1144, 2010 WL 624251, at *4 (Iowa Ct. App. Feb. 24, 2010) (finding grandparents were entitled to notice of an adoption petition based on the language of a court order from a different state). The paternal grandparents were not entitled to notice. *See K.T.*, 497 N.W.2d at 165. Accordingly, the failure to provide notice is not a reason to keep the CINA proceedings open. We conclude the district court properly ruled the CINA proceedings concerning the children could be closed.

**AFFIRMED.**

---

(6) A person who is ordered to pay support or a postsecondary education subsidy pursuant to section 598.21F, or chapter 234, 252A, 252C, 252F, 598, 600B, or any other chapter of the Code, for a person eighteen years of age or older who is being adopted by a stepparent, and the support order or order requires payment of support or postsecondary education subsidy for any period of time after the child reaches eighteen years of age.

The paternal grandparents had visitation with the children, but this visitation was through the CINA proceedings, not a grandparent-visitation order under section 600C.1. *See* Iowa Code § 600.11(2)(a)(5).